ABE FENER, Appellant, v. STEVE CHAPMAN, Respondent.— In *Mazzaredo* v. *Levine* (*ante*, p. 122, decided herewith) the court was unanimous that subdivision 6 of section 29 of the Workmen's Compensation Law is not a bar to a coemployee who is suing for assault. On the authority of that case, the order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the plaintiff-appellant's motion granted to strike out the " First Separate and Distinct Defense" contained in paragraphs 5th to 8th, inclusive, of defendant's answer, which alleges that the assault was committed by a fellow servant and that the remedy by workmen's compensation is therefore exclusive under subdivision 6 of section 29 of the Workmen's Compensation Law. Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted. Present — Peck, P. J., Glennon, Dore, Van Voorhis and Shientag, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. I. JAMES BRODY and JAMES V. AUDITORE, Appellants, et al., Defendants.— Judgments unanimously affirmed. No opinion. Present — Glennon, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ. [190 Misc. 351.]

TRANSFILM INCORPORATED, Respondent, v. YOUNG AMERICA FILMS, INC., Appellant.— Order and interlocutory judgment, so far as appealed from, unanimously modified by appointing an official referee to take and state the account. No opinion. Present — Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ.; Shientag, J., concurs in memorandum as follows: I concur in the result. However I believe that plaintiff is not entitled to succeed in equity. The complaint states a cause of action at law and it being conceded that there is no triable issue, plaintiff is entitled to summary judgment as in an action at law with an assessment of damages by an official referee. Settle order on notice.