241 So.2d 752 (1970)
Holly Dale HOFMANN, a Minor, by and through Her Father and Next Friend, Wilbur Dale Hofmann and Wilbur Dale Hofmann, Individually, Appellants,
v.
Dorothy W. BLACKMON, As Executrix of the Estate of William P. Blackmon, M.D., Appellee.
No. 69-473.
District Court of Appeal of Florida, Fourth District.
September 30, 1970.
Rehearing Denied December 29, 1970.
Robert Orseck, of Pudhurst & Orseck, and Spence, Payne & Masington, Miami, for appellants.
*753 James E. Tribble, of Blackwell Walker & Gray, Miami, for appellee.
STEWART, JAMES R., Jr., Associate Judge.
This is an appeal from a partial summary judgment entered on behalf of the defendant. The facts stated in a light most beneficial to the plaintiffs are:
(a) Plaintiff/father was examined, x-rayed and treated by a physician for some two years without the physician diagnosing his condition as tuberculosis.
(b) Plaintiff/minor child, a two year old girl, was found to have tuberculosis of the spine and required extensive medical treatment.
(c) Plaintiff/father's condition was then diagnosed as tuberculosis and he also required medical treatment.
A suit was brought against the physician's executrix in three counts. The first pertained to the father's injuries resulting from the physician's alleged negligence in failing to timely diagnose his condition. The remaining two counts pertained to the minor child's injuries resulting from contracting tuberculosis from her father. The lower court granted defendant's motion for summary judgment on the second and third counts. We reverse.
The defendant concedes for the purposes of this appeal that she did not conclusively demonstrate the absence of a genuine issue of material fact as to whether the physician negligently failed to diagnose tuberculosis in the father. She does contend the physician breached no duty owed to the minor child so as to permit recovery for the child's injuries resulting from the alleged negligence and, therefore, the lower court correctly entered summary judgment.
It is recognized that once a contagious disease is known to exist a duty arises on the part of the physician to use reasonable care to advise and warn members of the patient's immediate family of the existence and dangers of the disease. Wojcik v. Aluminum Company of America, 1959, 18 Mich.2d 740, 183 N.Y.S.2d 351; Davis v. Rodman, 1921, 147 Ark. 385, 227 S.W. 612; Skillings v. Allen, 1919, 143 Minn. 323, 173 N.W. 663; Edwards v. Lamb, 1899, 69 N.H. 599, 45 A. 480; 41 Am.Jur., Physicians and Surgeons, § 101; 70 C.J.S. Physicians and Surgeons § 48.
The defendant contends that such precedent does not apply in the instant case because the physician did not actually know of the existence of tuberculosis. To apply such logic would reward the doctor for failing to discover that which a finder of fact may determine was within his professional ability to discover and, therefore, was his duty to discover. 23 Fla.Jur., Negligence, § 17.
We hold that a physician owes a duty to a minor child who is a member of the immediate family and living with a patient suffering from a contagious disease to inform those charged with the minor's well being of the nature of the contagious disease and the precautionary steps to be taken to prevent the child from contracting such disease and that the duty is not negated by the physician negligently failing to become aware of the presence of such a contagious disease.
Reversed and remanded with instructions that the lower court vacate the summary judgment entered on behalf of the defendant and conduct such further proceedings as are consistent herewith.
McCAIN and OWEN, JJ., concur.