[Civ. No. 43452. First Dist., Div. Four. Jan. 16, 1979.]

ROBERT B. McDOWELL et al., Plaintiffs and Appellants, v.
COUNTY OF ALAMEDA et al., Defendants and Respondents.

**COUNSEL**

Siegel, Taub, Siegel & Friedman, Siegel, Meyers, Taub, Siegel & Friedman and Daniel M. Siegel for Plaintiffs and Appellants.

Crosby, Heafey, Roach & May, Peter W. Davis, John G. Tyndall III and James T. Wilson for Defendants and Respondents.

**OPINION**

**CALDECOTT, P. J.**—This is an appeal from the trial court's granting of respondents' motion for judgment on the pleadings.[1] We affirm the judgment.

On January 6, 1977, Robert B. McDowell, Edythe M. McDowell, Joseph B. McDowell, Michael B. McDowell, and Michele Marinoff (hereinafter appellants) filed their first amended complaint for damages for wrongful death. The complaint alleges that the County of Alameda, Dr. Matthew Monsein, Dr. Tolbert Small and Susan Schoenecker (hereinafter respondents), Kaiser Hospital and Linda Woodward[2] were negligent in failing to properly supervise Gregory Jones, a mentally ill person, who, as a proximate result of respondents' negligence, shot to death John McDowell.

---

[1]The appeal is from the order granting respondents' motion for judgment on the pleadings. The judgment has now been entered and we will deem the appeal to be from the judgment.

[2]Kaiser Hospital and its employee, Linda Woodward, remain as defendants in the action below.

The first amended complaint alleges that on October 15, 1975, Gregory Jones was observed by his employer, Caterpillar Tractor Company, to be manifesting strange and bizarre behavior. A Caterpillar management official took Jones to Highland Hospital and requested that Jones be placed under observation and treatment. At Highland Hospital, Jones was treated by respondents, who determined that Jones was suffering from a mental disorder and that unless Jones received psychiatric treatment, he would constitute a danger to himself and other people.

Upon learning that Jones was entitled to medical services under the Kaiser Health Plan, respondents telephoned Kaiser Foundation Hospital requesting an ambulance be sent for Jones. Kaiser refused to send an ambulance. Respondents, therefore, sent Jones in a taxicab to Kaiser Hospital, however, Jones never arrived. On October 17, 1975, Jones shot and killed John McDowell.

## I

Appellants assert that respondents were negligent in failing to transport Gregory Jones by means which would assure his arrival at Kaiser Hospital and respondents' negligence was the proximate cause of decedent's death.

Relying heavily upon the recent case of *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166], in which the court held that a cause of action could be stated against defendant therapists for negligent failure to protect the decedent, appellants claim the same analysis should be applied to the facts before us. Appellants' reliance on *Tarasoff* is misplaced. In *Tarasoff,* the defendant therapists were informed of their patient's desire to kill the decedent. Rather than warn the decedent of their patient's intention, the therapists released their patient. The patient carried out his plan and killed the decedent. In holding that a duty existed between defendant therapists and decedent, the court recognized the general rule that one person owes no duty to control the conduct of another. (*Id.,* at p. 435.) However, the court relied upon an exception which is applicable in cases where the defendant has a special relationship either to the person whose conduct needs to be controlled or to the foreseeable victim of the conduct. (*Ibid.*)

In all the cases cited by appellants, a special relationship was found to exist with the patient when members of the patient's family suffered injuries resulting from the patient's mental or physical state. In *Hofman* v. *Blackmon* (Fla.App. 1970) 241 So.2d 752, the doctor was liable to the patient's family for negligently failing to diagnose the patient's contagious disease. In *Wojcik* v. *Aluminum Co. of America* (1959) 18 Misc.2d 740 [183 N.Y.S.2d 351], *Davis* v. *Rodman* (1921) 147 Ark. 385 [227 S.W. 612], *Skillings* v. *Allen* (1919) 143 Minn. 323 [173 N.W. 663, 5 A.L.R. 922], the doctor was liable for failing to warn members of the patient's family of the patient's diagnosed illness. In *Merchants Nat. Bank & Trust Co. of Fargo* v. *United States* (D.N.D. 1967) 272 F.Supp. 409, the Veterans Administration was found liable for the death of the wife of a mental patient who shot and killed her.

In the present case, there is no allegation that respondent's patient, Gregory Jones had any relationship to decedent. Decedent was a third person whose life was not known by respondents to be threatened by Jones. There is no allegation that Jones was a threat to the decedent, nor is there any allegation that any particular person or group of people would be harmed by the release of Jones. Respondents do not owe a duty to society because Jones' behavior may constitute a danger to any person. Respondents had neither a special relationship with Jones nor with the decedent.

## II

### Government Code Section 856[3]

The California Tort Claims Act of 1963 (Gov. Code, § 810 et seq.), contains several general liability sections relating to all public entities and public employees. However, certain chapters pertain to public entities and public employees in particular fields. Chapter 5 of the act (§§ 854-856.6) deals with medical, hospital and public health activities. Respondents' motion for judgment on the pleadings was based entirely on immunity sections contained within chapter 5.

Appellants assert that the immunity provided by section 856[4] does not shield respondents from liability for failing to successfully confine Gregory Jones.

---

[3]All section references are to the Government Code unless otherwise specified.
[4]Section 856 provides:
"(a) Neither a public entity nor a public employee acting within the scope of his

Appellants contend that respondents were negligent in transporting Jones to Kaiser Hospital by means which would not assure his arrival, or in the alternative, were negligent in failing to keep Jones under supervision at Highland Hospital. Appellants assert that section 856 only provides for partial immunity limited by the degree of care exercised in carrying out a determination to confine, whereas, respondents contend section 856 provides absolute immunity.

The wording of section 856 is clear. Subdivision (a) provides that public employees and public entities are not liable for any injury resulting from certain determinations, including a determination whether or not to confine a person for mental illness. The scope of the immunity is broad. "[It] extends not only to the final determination to confine or not to confine the person for mental illness, but to all determinations involved in the process of commitment." (*Tarasoff* v. *Regents of University of California, supra,* 17 Cal.3d 425 at p. 448.)

However, subdivision (b) limits the immunity by stating that "A public employee is not liable for carrying out with due care a determination described in subdivision (a)." The implication is that if the public employee carries out a determination described in subdivision (a) without due care, he is liable. Furthermore, subdivision (c)(1) explicitly limits the immunity of subdivision (a): "(c) Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in carrying out or failing to carry out: (1) A determination to confine or not to confine a person for mental illness or addiction."

---

employment is liable for any injury resulting from determining in accordance with any applicable enactment:

"(1) Whether to confine a person for mental illness or addiction.

"(2) The terms and conditions of confinement for mental illness or addiction.

"(3) Whether to parole, grant a leave of absence to, or release a person confined for mental illness or addiction.

"(b) A public employee is not liable for carrying out with due care a determination described in subdivision (a).

"(c) Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in carrying out or failing to carry out:

"(1) A determination to confine or not to confine a person for mental illness or addiction.

"(2) The terms or conditions of confinement of a person for mental illness or addiction.

"(3) A determination to parole, grant a leave of absence to, or release a person confined for mental illness or addiction."

Respondents recognize the limitation imposed by subdivisions (b) and (c), but argue that neither is applicable in the present case. Respondents assert that subdivision (b) is qualified by the proviso of subdivision (c), which only deals with the negligent infliction of injuries to the patient while under confinement, rather than injuries inflicted on members of the general public after the patient's release.

■ In concluding that section 856 provides an absolute immunity only for injuries resulting from the determination whether to confine but limits that immunity when a public entity or public employee negligently carries out that determination, we now turn to the facts before us.

■, ■ From the complaint, we learn that after determining Jones was suffering from a mental disorder, respondents telephoned Kaiser Foundation Hospital and requested an ambulance be sent for Jones. Upon having their request denied, respondents sent Jones to Kaiser Hospital in a taxicab. Although appellants argue respondents made no determination regarding confinement, we look upon respondents' action as a decision not to confine Jones. The word "confine" is defined in Government Code section 854.5 as "admit, commit, place, detain, or hold in custody." By sending Jones in public transportation to another hospital, rather than retaining him at Highland Hospital, respondents did not confine Jones. Whether or not we agree with respondents' decision is immaterial, for section 856 provides absolute immunity to respondents' determination to confine or not to confine. However, in concluding that respondents did not intend to confine Jones, we are nevertheless required, by the provisos of section 856, subdivisions (b) and (c), to determine whether the carrying out of that decision was exercised with due care. We find that it was. Respondents could have simply released Jones. However, by transporting him to another hospital in a taxicab, respondents acted reasonably and with caution.

We briefly mention appellants' contention that the immunity provided by section 856 only covers discretionary policy decisions and not ministerial administrative acts. Appellants rely upon the general immunity provision of section 820.2 and the cases which have interpreted section 820.2, by urging that the same analysis should be applied to section 856.

Section 820.2 provides as follows: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Section 820.2 expressly provides that immunity is afforded to employees who engage in discretionary acts. ■ Section 856 does not distinguish between the making of discretionary policy decisions and ministerial decisions, nor has it been construed as such. As stated previously, all determinations, whether they be discretionary or ministerial, involved in the process of commitment are within the scope of immunity provided by section 856, subdivision (a). (*Tarasoff* v. *Regents of University of California, supra,* 17 Cal.3d 425 at p. 448.) From the foregoing analysis, we conclude that respondents are immune from liability under section 856.

### III

*Government Code Section 856.2*

Section 856.2 provides immunity to public entities and public employees for injuries caused by an escaped person who has been confined for mental illness. Since we have concluded that respondents did not confine Jones, there can be no "escape" from the taxicab in which Jones was sent to Kaiser Hospital. Furthermore, it appears from the parties' briefs that the applicability of section 856.2 is no longer at issue since both agree there was no confinement from which Jones could have escaped.

### IV

*Government Code Section 854.8*

Section 854.8[5] provides in part for immunity to public entities for injuries proximately caused by a patient of a mental institution. The term "mental institution" is defined in section 854.2 as follows: "As used in this chapter, 'mental institution' means any state hospital for the care and treatment of the mentally disordered or the mentally retarded, the California Rehabilitation Center referred to in Section 3300 of the Welfare and Institutions Code, or any county psychiatric hospital."

There is no allegation in the complaint that would place Highland Hospital within this definition, thus, the section is inapplicable to this case. However, the mere fact that one particular section in the code does

---

[5]Section 854.8 provides:

"(a) Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 855, and 855.2, a public entity is not liable for:

"(1) An injury proximately caused by a patient of a mental institution.

"(2) An injury to an inpatient of a mental institution."

not grant immunity to respondents does not relieve appellants of the burden of proving liability, a burden they have failed to carry.

Appellants next assert that there is an applicable exception to the coverage of section 854.8. That section excepts from its coverage actions taken pursuant to section 855, which provides that a public entity is liable for injury proximately caused by its failure to provide adequate or sufficient equipment. Appellants claim that by providing a taxicab for Gregory Jones' transportation to Kaiser Hospital rather than an ambulance, respondent County of Alameda failed to provide Jones with adequate or sufficient equipment. ■ The intent of this section is to insure that public entities provide equipment which meets minimum standards established by statute or by departmental regulations. Section 855 does not require that only certain equipment be used, but that whatever equipment is used, it meets acceptable standards. Thus, the allegation that the wrong means of transportation was provided to Gregory Jones is insufficient to successfully utilize the liability provisions of section 855.

### V

*Government Code Section 856.4*

Respondents contend that they are immune from liability under section 856.4, which provides: ". . . neither a public entity nor a public employee acting in the scope of his employment is liable for an injury resulting from the failure to admit a person to a public medical facility." Appellants, however, do not base their claim on respondents' failure to admit Jones to Highland Hospital, but rather on respondents' decision to place Jones in a taxicab for transportation to Kaiser Hospital. This claim of appellants we have already discussed and found to be without merit.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 14, 1979. Bird, C. J., was of the opinion that the petition should be granted.