## CIRCUIT COURT OF THE CITY OF RICHMOND

Floretta B. Choice, Admr.
of the Estate of Samuel Choice, decd.

v.

Edward A. Zakaib and
Brown and Root, Inc.

August 13, 1981

Case No. LD-1449

By JUDGE MARVIN F. COLE

In regard to the above matter the court now has before it for decision a motion filed by the defendant, Brown and Root, Incorporated, to strike the motion for judgment filed by the plaintiff on its special plea of workmen's compensation.

The issues before the court bring into play two questions of law. The first is, whether the plaintiff's case is exclusively one under the workmen's compensation law, and secondly, if not, has the plaintiff alleged a common law action in tort against the defendants.

The plaintiff has alleged in oral argument before the court that it is a well settled rule that an employer has a duty to disclose to an employee the results of a physical examination or medical examination that shows that the employee has a potentially dangerous disease or condition. In support of this position counsel for the plaintiff has cited the case of *Wojcik* v. *Aluminum Company of America*, 183 N.Y.S. 2d 351. A reference to this case will show however that the court in that decision stated that it is pertinent in the case that the plaintiff does not allege that he sustained any physical injury or disability arising out of or in the course of his em-

ployment, or that he contracted any occupational disease in such employment. In that case there was no allegation in the plaintiff's cause of action that he contracted the disease while employed by the defendant or that the disease was aggravated by such employment.

Counsel for the plaintiff in this case has stated that there is no allegation in the motion for judgment that the disease contracted by the plaintiff's decedent was an occupational disease or that it arose out of the employment of the decedent, Samuel Choice. However, a referral to the motion for judgment in paragraph four you will find the allegation that Samuel Choice was employed by the defendant, Brown and Root, Inc., from approximately March, 1977, until May, 1978; and further this paragraph alleges that his duties required him to work in an area where he was exposed to HMPA. There is no allegation in the motion for judgment to show that the plaintiff's decedent was ever exposed to HMPA at any place other than his place of employment. A fair reading of the motion for judgment shows that of necessity the disease known as HMPA was contracted at the place of employment of the plaintiff's decedent and there is not one word to show that this disease was contracted at any other place or that Samuel Choice was ever exposed to HMPA except at his place of employment.

This exactly coincides with the record filed in the case from the Industrial Commission. The application for hearing before the Industrial Commission filed by the plaintiff clearly sets forth that Samuel Choice died November 26, 1978, from cancer and that the death was due to an occupational disease.

Furthermore, a joint petition for compromise settlement was filed in the Industrial Commission and this joint petition was signed by Floretta B. Choice personally and also by her counsel in this case. In the joint petition for compromise settlement the petitioners represented unto the Industrial Commission that their agreed settlement was based upon the fact that the claimant alleges that the employee, Samuel Choice, became disabled from an occupational disease arising out of and in the course of his employment by the employer on May 9, 1978, from which he subsequently died on November 26, 1978.

Also, on July 30, 1980, the Industrial Commission entered an order to the effect that the Commissioner was of the opinion that the compromise settlement proposed was in the best interest of the parties and was therefore approved by the Industrial Commission pursuant to Section 65.1-45 of the Code of Virginia and this settlement was a complete extinguishment of all claims of the claimant and all those claiming through Samuel Choice against the employer and its insurance carrier under the Virginia Workmen's Compensation Act for the alleged occupational disease arising out of and in the course of employment of Samuel Choice by the employer and his subsequent death on November 26, 1978.

I am of the opinion that the plaintiff in this case could have filed a suit before the Industrial Commission and they could have filed a suit in this court in which the plaintiff took inconsistent positions. However, once they proceeded to a final determination in one of these cases, I am of the opinion that an election would have been made and then you could not proceed in the other case.

The question then arises as to what is the effect of the settlement agreement before the Industrial Commission. Section 65.1-73 states that if after injury or death, the employer and the injured employee or his dependents reach an agreement in regard to compensation or in compromise of a claim for compensation under this act, a memorandum of the agreement in the form prescribed by the Industrial Commission shall be filed with the Commissioner for approval, and if approved, the same shall be binding, and an award of compensation entered upon such agreement shall be for all purposes enforceable by the court's decree as elsewhere provided in this act. I am of the opinion that the settlement agreement and order in this instance is a binding order of the Industrial Commission and therefore is an adjudication that the claim in this case arose out of an occupational disease which ultimately caused the death of Samuel Choice. The case of *Raven Red Ash Coal Co.* v. *Griffith,* 181 Va. 911 (1943), states that once the Industrial Commission decides that the act involved has arisen out of and in the course of employment, the only way someone can contest this adjudication is by an appeal and if no appeal was taken from the

finding of the Industrial Commission, the matter is res judicata and binding on the widow and other dependents of the deceased who are the substantial parties in interest in this matter.

I am, therefore, of the opinion that the decision of the Industrial Commission is now res judicata in the present case and the plaintiff is precluded from pursuing a common law action at law against the defendant, Brown and Root, Incorporated.

I wish also to state that I have no quarrel with the case of *Wojcik* v. *Aluminum Company of America, supra,* and I would proceed with the trial of this case under common law principles if this matter had never been brought before the Industrial Commission and if no adjudication had been made by the Industrial Commission. However, in such a case the plaintiff would have to prove that the disease was not an occupational disease and that the disability did not arise out of or in the course of his employment, or that the plaintiff contracted the occupational disease in such employment. If this could be proved, then the plaintiff would prevail. For example the disease in the *Wojcik* case was tuberculosis, which is usually not associated with one's occupation. This, therefore, is a typical case in which the common law rule should be applied. The employer discovered the tuberculosis in normal routine medical examinations and certainly should have conveyed this information to the employee. There was no question that the disease was an occupational disease and had no connection with the occupation. This is a very clear distinction from our case.

I request that counsel for Brown and Root prepare an appropriate order and I will sustain the special plea of workmen's compensation.