Mr. Rodney Crownover, LSW Chair, Social Work Licensing Board 2020 W. Third Street, Suite 503 P.O. Box 250381 Little Rock, AR 72225
Dear Mr. Crownover:
You have requested an Attorney General opinion in response to the following questions:
 (1) Is there any provision in Arkansas law that would protect a licensed social worker from liability if the individual determines that it is essential to notify an identifiable person of a client's contagious condition when disclosure is necessary to prevent serious, foreseeable and imminent harm, and the client has refused to give his/her consent to the disclosures of the information?
 (2) If social workers are not absolutely protected by state law from liability in the fact situation described above, can the Attorney General give guidance to assist the Social Work Licensing Board in developing a policy to inform licensees how to comply with Section 1.07 of the NASW Code of Ethics when they are balancing the competing interests to determine whether the amount of good that is produced by notifying other identifiable persons outweighs the imminent harm to the client's demand for confidentiality?
RESPONSE
Question 1 — Is there any provision in Arkansas law that would protect alicensed social worker from liability if the individual determines thatit is essential to notify an identifiable person of a client's contagiouscondition when disclosure is necessary to prevent serious, foreseeableand imminent harm, and the client has refused to give his/her consent tothe disclosures of the information?
It is my opinion that the answer to this question will depend upon the type of liability about which you are inquiring.
A provision of the Social Work Licensing Act (A.C.A. § 17-46-101 et seq.) protects licensed social workers from being held liable for violation of that act under the circumstances you have described. More specifically, A.C.A. § 17-46-107(2) states in pertinent part:
 No licensed certified social worker, licensed master social worker, or licensed social worker or his secretary, stenographer, or clerk may disclose any information he may have acquired from persons consulting him in his professional capacity to those persons except:
* * *
 (2) That a licensed certified social worker, licensed master social worker, or licensed social worker shall not be required to treat as confidential a communication that reveals the contemplation of a crime or a harmful act;
A.C.A. § 17-46-107(2).[1]
Ordinarily, the divulgence by a licensed social worker of information acquired from a client would be deemed a violation of the Social Work Licensing Act, for which the social worker could be held criminally liable. Such divulgence under ordinary circumstances constitutes a misdemeanor offense. A.C.A. § 17-46-106. However, the above-quoted section protects licensed social workers from liability for violation of the Act in circumstances where the social worker divulged the information in order to prevent a crime or harmful act.
No provision of Arkansas law protects licensed social workers, generally, from common law tort liability for damages resulting from the divulgence of confidential information.[2] The Arkansas Supreme Court has recognized that an action may lie for such liability. See Wyatt v.St. Paul Fire Marine Ins. Co., 315 Ark. 547, 868 S.W.2d 505 (1994).See also Howard v. Ozark Guidance Ctr., 326 Ark. 224, 930 S.W.2d 341
(1996) (discussing Wyatt, supra). Whether such an action against a licensed social worker will be successful will depend entirely upon the facts of each case. A crucial factor will be the nature of any damages that were allegedly sustained.
In this regard, it should also be noted that a common law tort action may also lie against a mental health professional, at the behest of a victim of the mental health professional's client, for the professional'sfailure to divulge information that might have prevented a harmful act.See, e.g., Emerich v. Philadelphia Center for Human Development,720 A.2d 1032 (Pa. 1999); Estates of Morgan v. Fairfield Family CounselingCtr., 77 Ohio St.3d 284, 673 N.E.2d 1311 (1997); Hutchinson v. Patel,637 So.2d 415 (La. 1994). See also Davis v. Rodman, 147 Ark. 385,227 S.W. 612 (1921) ([I]t is the duty of physicians who are attending patients afflicted with infectious or contagious disease to exercise reasonable care to advise members of family and others who are liable to be exposed of the nature of the disease and the danger of exposure, and to avoid doing any act that would tend to spread the disease). No provision of Arkansas law protects licensed social workers, generally, from this type of liability.[3]
The absence of provision in Arkansas law for the absolute immunity of licensed social workers appears to place licensed social workers under a burden to exercise their discretion in situations where the divulgence of confidential information could impact upon the commission of a crime or harmful act. An important factor in the exercise of this discretion will be a balancing of the potential damage that could result from the social worker's decision to divulge (or not to divulge) the particular confidential information.
Question 2 — If social workers are not absolutely protected by state lawfrom liability in the fact situation described above, can the AttorneyGeneral give guidance to assist the Social Work Licensing Board indeveloping a policy to inform licensees how to comply with Section 1.07of the NASW Code of Ethics when they are balancing the competinginterests to determine whether the amount of good that is produced bynotifying other identifiable persons outweighs the imminent harm to theclient's demand for confidentiality?
The Opinions Division of the Office of the Attorney General is not authorized to provide the guidance that you have requested. The development of agency policies is a matter that must be undertaken in consultation with counsel for the agency. The legal opinions set forth above, however, can serve as a legal starting point for the formulation of such policies. In this regard, I reiterate that a licensed social worker's exercise of discretion in determining whether to divulge confidential client information must be driven by the particular facts of each case, with particular attention to the potential damage that could be incurred by any interested party as a result of that decision.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] The pertinent section of the Regulations of the Social Work Licensing Board is Section X, Standard A, which states with regard to confidentiality: "In providing services, a social worker must safeguard information given by clients. Except when required by law or judicial order or for the purposes of professional supervision and/or consultation, a social worker must obtain the client's informed written consent before releasing confidential information." (Emphasis added.) Similarly, Section XI(H) states: "Unprofessional conduct in the practice of social work shall include, but shall not be limited to the following: Failing to maintain confidentiality, except as otherwise required orpermitted by law, of all information that has been received from a client in confidence during the course of treatment and all information about the client which is obtained from tests or other means." (Emphasis added.) It should be noted that under the provisions of A.C.A. §20-15-901 et seq. (which include the "HIV Shield Law"), licensed social workers could be required, under certain circumstances, to report information about a client's medical condition to the Health Department.
[2] It should be noted, however, that licensed social workers who are employees of the state or one of its political subdivisions may be entitled to limited immunity under either A.C.A. § 19-10-305 or A.C.A. §21-9-301. See Ops. Att'y Gen. Nos. 99-080; 96-388.
[3] But see Footnote 2, supra.