## ELVIRA PETERSON v. A. G. PHELPS.[1]

November 7, 1913.

Nos. 18,256—(68).

**Malpractice — evidence.**

1. In an action for malpractice where it is alleged that defendant did not use skill and care in diagnosing and treating a felon on plaintiff's finger, and that he did not make the necessary and proper incision in the finger, it is not error to admit testimony of the actual treatment given, including the pricking of the finger with a needle.

**Verdict sustained by evidence.**

2. The verdict, in so far as it embodies a conclusion that defendant was guilty of malpractice and that the loss of plaintiff's finger resulted therefrom, is amply supported by the evidence, and it must also be *held* that the evidence sufficiently establishes that plaintiff became a patient of defendant and entitled to receive such treatment as the physician possessed of the ordinary care and skill would give.

[1] Reported in 143 N. W. 793.

Note.—Upon the liability of a physician for malpractice when serving gratuitously or employed by third party, see note in 14 L.R.A. 429. And as to the proof necessary to discharge burden of showing that the negligence or unskilfulness of the physician caused or contributed to the death or injury of the patient, see note in 15 L.R.A.(N.S.) 416.

**Denial of new trial.**

   3. There was no abuse of discretion in denying a new trial on the ground of newly discovered evidence, such evidence being cumulative, and directed to collateral matters, and the excuse for its nonproduction at the trial being weak.

Action in the district court for Mille Lacs county to recover $3,-075 for malpractice. The case was tried before Nye, J., and a jury which returned a verdict of $1,500 in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*E. L. McMillan,* for appellant.
*Constant Larson,* for respondent.

HOLT, J.

Plaintiff recovered a verdict against the defendant, a physician, for malpractice. Defendant appeals from an order denying a new trial.

Defendant was called to attend the wife of a farmer in whose home plaintiff was employed as a domestic. Plaintiff was then suffering from a severe pain in the index finger of the right hand. As the physician had attended the wife and was leaving the house he was asked by the farmer, or plaintiff, if plaintiff's ailment was a felon. He examined the finger and prescribed for it then, and also on the two subsequent times upon which he visited his other patient, according to plaintiff's testimony. The treatment was not successful and the pain became so severe that the farmer took plaintiff to Milaca where she consulted another physician who diagnosed the case as a felon. He, however, found that necrosis of the bone and blood poisoning had already set in, and gave treatment accordingly. The final result was the loss of the finger including the bone in the palm of the hand.

The grounds assigned for reversal are: (a) Error in admitting certain testimony under the complaint, (b) insufficiency of evidence to sustain the verdict, and (c) newly-discovered evidence.

Plaintiff's testimony that defendant pricked the finger with a needle was received over the objection that it was incompetent, irrelevant and immaterial. The complaint, after alleging her ailment and

defendant's employment to treat it, states: "That the defendant then entered upon such employment, but did not use due and proper care or skill in making his examination of the said infection and in endeavoring to cure the plaintiff of the same, in this: That the defendant did not make the necessary and proper incision into the said finger, and did not give the said infection proper and necessary antiseptic treatment, and did not give the said malady the proper care and treatment, but neglected and maltreated the same." · It is too clear for discussion that under these allegations it was proper to show just what treatment was given, and then the proper treatment. If the treatment did not come up to such as the ordinarily skilled and careful physician would employ, the jury would have the right to find actionable negligence.

There can be no doubt, upon the record, that the evidence abundantly sustains the jury in concluding that a physician of ordinary skill and care should without difficulty have diagnosed plaintiff's ailment as a felon; that such a physician would not have used the treatment which defendant adopted; that the treatment he gave was malpractice and as a result thereof plaintiff lost her finger.

The close question of fact is defendant's employment. There was no direct request to treat the finger, no promise of payment for services, and apparently no expectation thereof on the part of defendant. As he was leaving the house, having attended to his patient, he found this plaintiff near the door where she and her employer had been discussing her aching finger, and one of them asked defendant if he thought the trouble was a felon. After looking at it he gave his opinion that it was not, and suggested salt pork as an application. The next time he visited the house he examined the finger, opened it with a needle, and gave directions to continue with the use of salt pork. The last time, after attending to the patient on whose account he made these three visits, he again inquired about the finger, was informed that it felt worse, examined it, and advised that some one open it up with a needle. This is virtually plaintiff's whole claim as to defendant's acceptance of her as a patient. He denies that he ever used a needle, examined or prescribed for the finger, except that he gave it a look on the first visit, but the jury having adopted plain-

123 M.—21.

tiff's version and their finding being approved by the trial court, we also must accept her testimony as the truth.

If the defendant undertook to diagnose, treat or prescribe for the ailment, his responsibility for failure to possess and use the skill and care of the ordinary physician is not dependent upon an express agreement of employment or promise to pay for the services. If defendant undertook to render services, the law implies an agreement to pay therefor. It has also been held that, even as to charity patients and those whose treatment is undertaken without the expectation of pay, the physician must possess the skill and use the care of the ordinary practitioner. McNevins v. Low, 40 Ill. 209; DuBois v. Decker, 130 N. Y. 325, 29 N. E. 313, 14 L.R.A. 429, 27 Am. St. 529. The court in Peck v. Hutchinson, 88 Iowa, 320, 327, 55 N. W. 511 expresses this view, which, although obiter, appears sound: "We can discover no good reason why the degree of care to be used by the physician or surgeon should be less in case his services are gratuitously rendered." Defendant was on a professional visit in the home where plaintiff was one of the household. She was suffering, the pain interfered with her employment. The head of the house directly or impliedly asked the defendant to examine the finger. Under these conditions his acts in attending to plaintiff's suffering become quite persuasive of the relation of physician and patient between the two. The jury might well conclude that plaintiff understood, and had a right so to do, that she was in the hands of a doctor who would properly treat the ailment. All the testimony offered by defendant tending to disprove the employment was admitted in evidence, as well as all attending circumstances of similar import, and the question submitted to the jury in a clear and impartial charge. The jury found that plaintiff became a patient of defendant, the learned trial court has not deemed it proper to disturb this finding, and we cannot say that there is no evidence to support it.

There is no merit in the appeal for a new trial on the ground of newly discovered evidence. One of the witnesses was defendant's wife who accompanied him on his professional calls, but had remained seated outside in the automobile while he was in the house. Her testimony would be merely cumulative or relating to a collateral

matter, and the same must be said as to the other proposed witness, namely, the wife of the farmer. Plaintiff testified that she asked the wife for a needle. The proposed newly discovered evidence is that she asked for a needle to sew with. No excuse is offered for not calling defendant's wife as a witness at the trial, and very little for failing to have the farmer's wife there. It requires no argument to show that this court cannot say that it was an abuse of discretion in denying a new trial on this ground.

Order affirmed.