## BERT L. SKILLINGS v. V. A. ALLEN.[1]

### July 18, 1919.

### No. 21,361.

**Physician and surgeon — negligence — complaint sufficient.**

1. A complaint states a cause of action when it is alleged therein that defendant, a physician, was employed by plaintiff to attend his minor daughter professionally while she was sick; that, knowing that the child's disease was scarlet fever, he negligently advised plaintiff's wife, who inquired in his behalf as well as in her own, that it was safe to visit the child, then in a hospital and under defendant's care; that he also advised her that it was safe to remove the child from the hospital to plaintiff's home, and that there was no danger that the disease would be communicated, although it was then at a stage when great danger of infection existed, and that plaintiff and his wife did not know of the

[1]Reported in 173 N. W. 663.

infectious nature of the disease and relied on defendant's advice, and accordingly visited their child at the hospital and removed her to their home, and plaintiff thereby contracted scarlet fever to his damage.

**Negligence — responsibility for direct results.**

2. Generally speaking, one is responsible for the direct consequences of his negligent acts whenever he is placed in such a position with regard to another that it is obvious that, if he does not use due care in his own conduct, he will cause injury to that person. This principle is applicable to the facts stated and the court properly overruled a demurrer to the complaint.

Action in the district court for Crow Wing county to recover $1,000. Defendant's demurrer to the complaint was overruled, McClenahan, J., and the questions presented by the demurrer certified as important and doubtful. From the order overruling the demurrer, defendant appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*A. D. Polk* and *L. B. Kinder,* for respondent.

Lees, C.

This is an appeal from an order overruling a demurrer to the complaint interposed on the ground that no cause of action was stated. The court certified that the question raised was important and doubtful.

In substance the complaint alleged that defendant was a practicing physician, employed by plaintiff and his wife to treat their minor daughter who was ill. The defendant knew that the disease from which the child was suffering was scarlet fever and that it was infectious. Plaintiff's wife, acting in his and her own behalf, consulted defendant as to the nature of the disease and the danger of infection. Defendant wrongfully and negligently advised her that they might safely visit their child, who was then at a hospital under his care. He negligently permitted them to visit the child at the hospital, and later on wrongfully and negligently advised plaintiff's wife that she could be safely removed from the hospital to her home, and that there was no danger that the disease would be communicated, although it was then at the "peeling off" stage, when the greatest danger of infection exists. In reliance upon defendant's advice, the child was removed to her home.

Neither plaintiff nor his wife knew of the infectious nature of the disease. Both relied on defendant's advice in visiting their child while sick at the hospital and in taking her from the hospital to her home. By reason of their contact with her, both contracted scarlet fever and plaintiff suffered pain and was kept from his work for many weeks, to his damage in the sum of $1,000.

.The case is a novel one. Counsel for defendant assert that none like it has heretofore been presented to any court so far as they have been able to ascertain. They contend that a cause of action is not stated because there were no contractual relations between plaintiff and defendant. The statement in the complaint, that the child was under defendant's care "pursuant to solicitation and employment by plaintiff and his wife," amounts, we think, to an allegation that there were such relations. True, the child was defendant's patient, but can it be said that, therefore, he owed no contractual duty to her parents by whom he was employed? The child would have a cause of action against defendant for the consequences of any failure on his part to treat her with ordinary professional skill and care, though she did not employ him. Plain-tiff might also have a cause of action entirely separate and apart from that of his child for the loss of her services, due to the same failure to exercise ordinary professional care which gave rise to the child's cause of action. 21 R. C. L. 398.

Generally speaking, one is responsible for the direct consequences of his negligent acts whenever he is placed in such a position with regard to another that it is obvious that if he does not use due care in his own conduct he will cause injury to that person. Depue v. Flatau, 100 Minn. 299, 111 N. W. 1, 8 L.R.A.(N.S.) 485. It was remarked in Farrell v. Minneapolis & R. R. Ry. Co. 121 Minn. 357, 361, 141 N. W. 491, 492, 45 L.R.A.(N.S.) 215, that: "It is now generally recognized that each member of society owes a legal duty, as well as a moral obligation, to his fellows." Assuredly this is a case where there is every reason to hold that defendant was under a legal duty to plaintiff, and it is of little practical difference whether we call the duty contractual. or noncontractual.

The health of the people is an economic asset. The law recognizes its preservation as a matter of importance to the state. To the indi-

vidual nothing is more valuable than health. The laws of this state have been framed to protect the people, collectively and individually, from the spread of communicable diseases. Scarlet fever is classed as such a disease. The state board of health is charged with the duty of prescribing regulations for the disinfection and quarantine of persons and places as an incident in the treatment of all infectious diseases, and physicians are required to report all infectious cases to their local boards of health. Chapter 345, p. 489, Laws 1917. When defendant discovered that plaintiff's child was suffering from an infectious disease, it became his duty to comply with the laws of the state in the particulars mentioned, in order that the public health might be protected. His duty did not stop there. The child's parents were naturally exposed to infection to a greater degree than anyone else. To advise them that they ran no risk in visiting her at the hospital or in taking her into their home, necessarily exposed them to danger if they acted on the advice, and defendant was bound to know that they would be likely to follow his advice. It is alleged that the advice was given negligently, and all the necessary elements of a cause of action based on negligence are present.

The following cases, in one respect or another, bear on the questions mooted here:

Peterson v. Phelps, 123 Minn. 319, 143 N. W. 793, Ann. Cas. 1915A, 257, holding that a physician's responsibility to use due care is not dependent on an express agreement of employment or promise to pay for his services.

Harriott v. Plimpton, 166 Mass. 585, 44 N. E. 992, holding that there may be liability for negligence where the purpose of an examination made by a physician was not medical treatment but information.

Hewett v. Woman's Hospital Aid Assn. 73 N. H. 556, 64 Atl. 190, 111 Am. St. 607, holding that a hospital association was liable to a student nurse for putting her in charge of a diphtheria patient without warning her of the danger of contagion, she having contracted the disease through failure to take proper precautions to guard against infection.

Piper v. Menifee, 12 B. Mon. 465, 54 Am. Dec. 547, holding that a physician was liable for communicating smallpox to a patient, when he

was attending several persons who had the disease, and advised plaintiff that there was not danger of his contracting it because he changed his clothes after visiting smallpox patients, and so was allowed to continue to visit him as his physician.

Missouri, K. & T. Ry. Co. v. Wood, 95 Tex. 223, 66 S. W. 449, 56 L. R.A. 592, 93 Am. St. 834, holding that a railway company was liable to plaintiff for negligently permitting one of its employees to escape from a detention hospital where he was undergoing treatment for smallpox at the hands of its physician. After escaping, he came in contact with plaintiff and his family and communicated the disease to them.

Span v. Ely, 8 Hun, 255, holding that a physician who employed a man to whitewash a house in which one of his patients had recently died of smallpox, assuring him that the house had been disinfected and that he would be safe in entering it, was liable to the man who contracted the disease while whitewashing the house.

Edwards v. Lamb, 69 N. H. 599, 45 Atl. 480, 50 L.R.A. 160, holding that a physician was liable to a woman for negligently advising her that it was safe for her to assist in dressing an infectious wound her husband had received, she having acted on the advice and being infected. The essential facts which furnished the basis of the decision last cited are closely parallel to those in the case at bar. We quote a portion of the opinion as apposite to this case:

"The situation was such that she needed the advice of a physician. This the defendant knew. He knew of her danger and negligently advised her as to it and she was injured by following his advice. That when he advised her he assumed the obligation to use due care in so doing is not open to doubt. * * * If the contract to attend the plaintiff's husband were eliminated from the case, the liability would be the same. The gratuitous character of the services rendered to the plaintiff would not excuse the defendant's failure to exercise such care as the circumstances demanded. * * * On the other hand, if the advice to the wife is treated as a part of the performance of the contract with the husband, the defendant still owed her the noncontractual duty to use care in the performance of such of his services as concerned her personally."

We conclude that the complaint is not demurrable, although it may

be true, as suggested by defendant's counsel, that it is a matter of common knowledge that scarlet fever is an infectious disease, and that plaintiff may not have been greatly influenced by defendant's alleged assurance that he might visit his child or take her to his home without running any risk of infection.

Order affirmed.