## CIRCUIT COURT OF THE CITY OF WINCHESTER

Mary Williams, Committee, etc.

v.

Robert G. Kendall et al.

February 19, 1987

Case No. (Law) 86-L-118

By JUDGE HENRY H. WHITING

The Court must rule upon two preliminary matters asserted in bar to this medical malpractice claim.

First, may an action be asserted against a doctor for breach of an implied contract of care?

Clearly no, in view of the enactment of the Virginia Medical Malpractice Act, §§ 8.01-581, *et seq.* If there ever was such a cause of action upon an *implied* contract, this statute has pre-empted it and relegated all such claimants to a tort claim with all of the notice requirements. Two Virginia Circuit Courts have so held, *McGetrick v. Martha Jefferson Hospital* (Law No. 2757, City of Charlottesville, September 29, 1983), and *Carlson v. Jamison* (Case Nos. A-830-L and A-831-L, City of Richmond, Division I, April 2, 1982), as has a Federal District Court in Virginia, *Boyd v. Bulala*, [647 F. Supp. 781 (W.D. Va. 1986)].

The plaintiff's position would negate the legislative intent to channel all such claims through the medical review panels since the claim would not be for a tort but for breach of contract. Of course, if there had been a specifically worded contract to provide something other than reasonable care, a cause of action might exist for breach of that special contract. *Boyd v. Bulala* at fifth unnumbered page [of the slip opinion].

No such contract having been pleaded,[1] the demurrers are sustained to Count II of the motion for judgment.

Second, did the claimant's cause of action accrue only when he became incompetent?

This is urged to get the benefit of Virginia Code Section 8.01-229(A)(1), which tolls the statute for "a person entitled to bring any action [who]. . . at the time the cause of action accrues. . . [is] of unsound mind. . . [until] such disability is removed. . ." The defendants urge that the cause of action *had accrued* when the claimant became incompetent and therefore it must have been brought either within a two-year period after it accrued or one year after the appointment of a committee under the express provisions of Virginia Code § 8.01-229(A)(2)(b). Those two periods have passed and therefore the Court must resolve the issue of when this cause of action accrued.

Of course, the defendants have the burden of establishing the applicability of the statute of limitations. *Locke v. Johns-Manville*, 221 Va. 951, 958 (1981); *Large v. Bucyrus-Erie Co.*, 707 F.2d 94 (4th Cir. 1983). They contend, correctly, that the slightest injury will trigger the running of the statute even though the major portion of the injury occurred later. *See Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 14-15 (1969); *Richmond Development & Housing Authority v. Laburnam Construction Corp.*, 195 Va. 827, 839 (1954). As *Laburnam*, a property damage case, states in quoting Ruling Case Law:

> [A]s a general rule, where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor the statute of limitations begins to run at once. It is not

---

[1] Count II charges that the contract was "express, implied by fact and/or implied by law. If the plaintiff desires to amend and set forth the specific terms of an express contract, that will be permitted if done within fourteen (14) days from this date. The count does NOT allege a breach of an express contract but a. breach of "IMPLIED warranties that the defendant would provide adequate services" (emphasis added), and paragraph 7 infers that the sole contract was "by being admitted to the care of the defendants."

> material that all of the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. . . *Id*. at 839.

I perceive no reason to distinguish a property damage claim from a claim for personal injuries in the application of this principle. Therefore, if any part of the injury arising from the misprescription of a pain-killing drug occurred before the claimant's decedent became incompetent, she cannot recover, the claim being time-barred.

The motion for judgment charges that the defendants, from admission of the decedent to the hospital on February 12, 1984, through February 21, 1984, "so carelessly, recklessly and negligently administer[ed] medical treatment as to cause [him] to have a cardiopulmonary arrest which has left him in a comatose state" (paragraph 2). The first memorandum filed on October 21, 1986, says that the decedent was "admitted in February 1984, into the defendant hospital for back pain and became comatose shortly thereafter as a result of treatment given by the defendants" (paragraph 3). The notice of claim states that "[d]uring the course of his treatment he was given medication that was contraindicated for his condition which caused him to suffer a cardiopulmonary arrest which left him mentally and physically disabled. . ." (paragraph 2). The second memorandum, filed January 5, 1987, stated on the second unnumbered page that "the [contraindicated] morphine and codeine triggered an allergic reaction which manifested itself in the form of hysteria and narcoses . . ." We are not told when the drug administration started or when these two symptoms manifested themselves but they must have been evident for a few days because the memorandum goes on to say that "*eventually*, on the morning of February 22, 1984, [he] suffered a total physical collapse in the form of cardiac and respiratory arrest. . . lost consciousness in the early hours of February 22, 1984, as a result of the cumulative effects of continued thorazine treatments for an incorrectly diagnosed alcohol problem." *Ibid*. (Emphasis added.) Further, "[a]t the moment he lost consciousness, he simultaneously sustained damage which would entitle

him to bring a cause of action and lost the soundness of his mind which would preclude him from recognizing his rights in bringing a cause of action against these defendants" (third unnumbered page).

I simply cannot tell from what is before me whether he suffered any discomfort, inconvenience or mental or physical harm during the period preceding his cardiopulmonary arrest.[2] If he did, I believe his cause of action is barred; if not, it is not. I will set this matter for an evidentiary hearing on this issue alone.

[2] "Positive, physical or mental hurt" in the language of Locke v. Johns-Manville Corp., 221 Va. 951, 957 (1981), and, as Large v. Bucyrus-Erie Co., 707 F.2d 94, 97 (4th Cir. 1983), points out, referring to Locke, "'The time plaintiff was hurt' is to be established from available competent evidence. . . that pinpoints the precise date of injury with a reasonable degree of medical certainty."