## CIRCUIT COURT OF FAIRFAX COUNTY

Jaime Nicole Atkinson

v.

Kaizer Foundation
Health Plan of the
Mid-Atlantic States,
Inc., et al.

Case No. (Law) 83400

By JUDGE MICHAEL P. McWEENY

November 1, 1988

This matter is before the Court on defendants' motions and demurrers argued before the Court on September 8, 1988. The Court took the motions under advisement pending receipt of briefs. The specifics of each motion and demurrer will be addressed in the opinion below.

In Count I, paragraphs 32 and 33 of the Motion for Judgment, plaintiffs Robert and Susan Atkinson (Parents) and Christopher and Michael Atkinson (Siblings) allege that they suffered emotional distress as a result of defendants' negligent treatment of plaintiff, Jaime Atkinson.

Demurrers have been filed by all defendants to the emotional distress claims of parents and siblings. Defendants, Fairfax Hospital System Inc., and Dr. Ronald J. Bortnick, M.D., have also filed motions to sever the emotional distress claims of the parents and siblings from the emotional distress claims of Jaime. The basis for

each demurrer is that under Virginia law, these emotional distress claims fail to state a cause of action upon which relief can be granted.

In Virginia, the general rule is that emotional distress resulting from negligence, which is unaccompanied by contemporaneous physical injury to the person, cannot be made the basis of an action for damages. *Connelly v. Western Union Telegraph Co.*, 100 Va. 51, 40 S.E. 618 (1902); *Chesapeake & Ohio R.R. Co. v. Tinsley*, 116 Va. 600, 82 S.E. 732 (1914).

In *Bowles v. May*, 159 Va. 418, 166 S.E. 550 (1932), the court stated that recovery is generally permitted where the emotional disturbance is caused by a willful, wanton, and vindictive wrong. The *Bowles* case was interpreted in *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214 (1973), to allow:

> recovery for a negligently caused mental or emotional disturbance and its physical consequences to the person, unaccompanied by contemporaneous physical injury, absent a willful, wanton or vindictive wrong, provided it is alleged and proved by clear and convincing evidence that a wrongful act was committed and that there was an unbroken causal connection between the alleged act and the physical injury . . .

*Id.* at 31, 97 S.E.2d at 217.

In *Hughes* the Supreme Court of Virginia clarified the impact rule when it held that:

> where the claim is for emotional disturbance *and* physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence. In other words, there may be recovery in such a case if, but only if, there is shown a clear and unbroken chain of causal connection between

the negligent act, the emotional disturbance, and the physical injury.

*Id.* at 34, 197 S.E.2d at 219.

However, the rule set forth in *Hughes* does not permit recovery by a person who suffered emotional distress as a result of "witnessing injury to another, allegedly occasioned by the negligence of a defendant toward a third person, or caused by seeing the resulting injury to a third party person after it had been inflicted through defendant's negligence." *Id.,* 214 Va. at 35, 197 S.E.2d at 220.

The Court narrowed the exception set forth in *Hughes* to allow recovery for physical injury resulting from emotional distress only where the plaintiff was the party injured by defendant's negligence. The emotional distress claims of parents and siblings are based upon their witnessing the negligence allegedly occasioned by defendants.

The emotional distress claims of parents and siblings do not state a cause of action for which recovery exists under the general rule set forth in *Connelly* or the *Hughes* exception.

The Virginia Supreme Court set forth a second exception in *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974), where the Court held "that a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shows:

> One the wrongdoer's conduct was intentional or reckless . . . . Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality . . . . Three, there was a causal connection between the emotional distress . . . . Four, the emotional distress was severe.

*Id.* at 342, 210 S.E.2d at 148.

The *Womack* exception is applicable where the defendant's conduct is willful, wanton, fraudulent and deceitful. *Womack* is not applicable where liability is based on defendant's negligence. Parents and siblings' emotional distress claims are encompassed under Count I - Negligence. Parents and siblings' claims for emotional distress

do not rise to the exception set forth in *Womack* because no claim was made that defendants' conduct was willful, wanton, fraudulent and deceitful.

The final exception presently available for emotional distress claims is set forth in `Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982). This exception to the physical impact rule mandates that plaintiff satisfy four requirements: (1) that there was a legal duty owed to plaintiffs, (2) a breach of that duty, (3) a causal connection between the breach of duty and any claimed injury or damage, and (4) the existence of actionable injury meaning direct, rather than indirect, injury. *Id.* at 414, 290 S.E.2d at 829.

Parents and sibling assert that they have met the four requirements set forth in *Naccash*. The essential element which parents and siblings must establish is the existence of a duty owed to them by defendants. However, the duty which arose was to Jaime Atkinson when she was brought to Fairfax Hospital for treatment. The *Naccash* court found a duty was owed to the plaintiffs because of the physician-patient relationship which existed between plaintiffs and defendants. No duty was owed in the instant proceeding to parents and siblings because the physician-patient relationship did not exist between parents/siblings and defendants.

Assuming arguendo that the first three requirements of *Naccash* are met, the Court is still unable to find a direct injury to the parents and siblings which would allow them to proceed under the *Naccash* exception. In *Naccash*, only the husband's blood was tested by the defendant's laboratory. However, the outcome of that test had a direct effect on the wife's decision to carry her child to term. On this basis, the Virginia Supreme Court held that both husband and wife had suffered a direct injury.

In the instant case, none of the parents or siblings were patients of any of the defendants. At best, the parents and siblings were indirect witnesses to Jaime's treatment. The emotional distress which may have been suffered by parents and siblings runs from the illness of Jaime, not from the treatment by defendants to the parents or siblings, since none occurred.

The emotional distress claims of parents and siblings do not fall within the purview of the *Naccash* exception.

The parents and siblings have failed to establish that they fall within the general rule or any of the exceptions which would allow them to maintain their claims for emotional distress. For these reasons, the Court sustains defendants' demurrers to the emotional distress claims of parents and siblings. In light of the foregoing decision, defendants Fairfax Hospital and Bortnick's Motion to Sever need not be decided.

Plaintiff's motion for judgment alleges that a physician-patient relationship existed between Jaime Atkinson and Dr. Bortnick; plaintiffs allege that the conduct and actions of Dr. Bortnick give rise to this relationship. Dr. Bortnick has filed a motion for summary judgment on this issue, asserting that as a matter of law, no relationship existed.

Plaintiffs have filed a Motion to Reconsider/Reopen the Court's ruling denying them the opportunity to offer evidence from certain depositions to rebut contentions made by Dr. Bortnick at the September 8, 1988, hearing. The Court noted plaintiff's objections to Dr. Bortnick's testimony at the hearing. However, the Court believes that all parties received the requisite notice that an evidentiary hearing would be held when the motions and demurrers were argued before this Court. The plaintiff's motion is denied.

In Virginia, "a physician's duty arises only upon the creation of a physician-patient relationship; that relationship springs from a consensual transaction, a contract, express or implied, general or special." *Lyons v. Grether*, 218 Va. 630, 633, 239 S.E.2d 103, 105 (1977), citing *McNamara v. Emmons*, 36 Cal. App. 2d 199, 204-205, 97 P.2d 503, 507 (1939). When this relationship is established, it gives rise to a duty by the physician, the breach of which entitles a patient to damages. Whether a physician-patient relationship is created is a question of fact, turning upon a determination whether the patient entrusted his treatment to the physician and the physician accepted the case. *Lyons, supra*, at 633, 239 S.E.2d at 105, citing *Parkell v. Fitzporter*, 301 Mo. 217, 256 S.W. 239 (1923); *Hanson v. Pack*, 57 Mont. 51, 187 P. 282 (1920); *Peterson v. Phelps*, 123 Minn. 319, 143 N.W. 793 (1913).

In this proceeding, it is conceded that there was no express contract between Dr. Bortnick and Jaime (or

her parents). The question which arises is whether there existed an implied contract between these parties. The holding in *Lyons* creates a genuine issue of fact as to whether the conduct and actions of Dr. Bortnick gave rise to an implied contract and therefore a physician-patient relationship. This issue can only be resolved after all the evidence is presented and the trier of fact determines if the plaintiffs have met the standard set forth in *Lyons*. The Court having found that there exists a material fact which is genuinely in dispute, denies Dr. Bortnick's motion for summary judgment on the existence of a physician-patient relationship.

Count III of the Motion for Judgment alleges the breach of an implied warranty by all defendants. Plaintiffs allege defendants impliedly warranted to provide competent, qualified medical personnel and/or medical care for the care and treatment of plaintiff. Defendants have demurred to Count III asserting that under Virginia law no cause of action will lie for breach of an implied warranty for medical services.

It is well established in Virginia that in the absence of an express warranty by a defendant health care provider which premises specific and discernable results, a defendant physician will be held to an implied contract to possess only reasonable and ordinary qualifications and to exercise only ordinary skill, diligence and care. *White v. United States*, 244 F. Supp. 127 (E.D. Va. 1965) *aff'd* 359 F.2d 989 (4th Cir. 1966); *Vann v. Harden*, 187 Va. 555, 47 S.E.2d 314 (1948).

Count III of the motion for judgment does not allege the existence of a specifically worded contract to provide something other than reasonable care. The Virginia Medical Malpractice Act, Va. Code §§ 8.01-581 *et seq.* does not recognize a cause of action for breach of an implied contract. Claims under the Malpractice Statute must be brought under a tort theory. *McGetnick v. Martha Jefferson Hospital* (Law No. 2757, City of Charlottesville, September 29, 1983); *Carlson v. Jamison* (Case Nos. A-830-L and A-831-L, City of Richmond, Division D, April 2, 1982).

Plaintiffs's memorandum asserts that the implied warranty claim in a medical malpractice action is analogous to a legal malpractice claim where a plaintiff can sue on either a tort or contract theory to recover: "The plain-

tiff's position would negate the legislative intent to channel all such claims through the medical review panels since the claim would not be for a tort but for a breach of contract." *Williams v. Kendall*, 10 Va. Cir. 84 (1987).

Plaintiffs have failed to set forth an express warranty which would allow them to recover for breach of an implied warranty under Count III. For these reasons, the demurrer to Count III is sustained.

Defendants, Kaiser Foundation Health Plan, Capital Area Permanente Medical Group, P.C., and Fairfax Hospital System, Inc., have filed motions for Bill of Particulars. In support of these motions, defendants assert that Count I, paragraph 25, of the Motion for Judgment makes general allegations of negligence against multiple defendants. Defendants request the Court to order plaintiffs to provide a bill of particulars regarding the specific acts of negligence alleged against each of the separate defendants in the case.

Rule 3:16(b) of the Supreme Court of Virginia sets forth the standard by which allegations of negligence must be pled. The Rule states that "an allegation of negligence or contributory negligence is sufficient without specifying the particulars of the negligence." The Court must also decide whether the allegations of negligence are mere conclusions of law which would mandate a bill of particulars.

A review of Count I, paragraph 25, reveals that plaintiffs have set forth facts alleging defendants were negligent in their treatment of Jaime Atkinson by failing to diagnose and property treat subdural hematomas, failing to refer her to physicians who could diagnose and/or treat this condition, and by failing to provide the proper standard of care for treatment.

The only conclusion which can be drawn from this evaluation is that plaintiffs have complied with the requirements of Rule 3:16(A) and that the allegations set forth are not mere conclusions of law. For these reasons, defendants' motion for a bill of particulars is denied.

January 19, 1989

On November 1, 1988, this court issued an opinion letter ruling on defendants' motions and demurrers argued

before the court on September 8, 1988. On December 1, 1988, counsel for Fairfax Hospital Systems, Inc., sent a letter to the Court stating that the Court had failed to address in its opinion letter the plea in bar pertaining to Rule 2(a) of the Medical Malpractice Rules of Practice and the demurrer of Fairfax Hospital to plaintiff's claim in paragraph 23 that Drs. Bortnick, Schaner and Lavenstein are agents of Fairfax Hospital.

Fairfax Hospital's plea in bar asserts that plaintiffs have failed to comply with the 1950 Code of Virginia Section 8.01-581.2(A), as amended, and Rule 2(a) of the Medical Malpractice Rules of Practice by alleging claims that were not contained in the Notice of Claim.

The 1950 Code of Virginia § 8.01-581.2(A), as amended, sets forth in pertinent part that:

> No action may be brought for malpractice against a health care provider unless the claimant notifies the health care provider in writing by registered or certified mail prior to commencing the action. The written notification shall include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice.

Fairfax Hospital asserts that the agency claims set forth in paragraph 23, the claim of negligence in providing a defective system for the delivery of health care services set forth in paragraph 25 and the implied warranty claims of paragraphs 41 and 42 were not set forth in the Notice of claim and are therefore barred under Va. Code § 8.01-581.2(A).

The Notice of Claim of October 10, 1985, sets forth the alleged malpractice of Fairfax Hospital and its "agents and employees" on pages 3 and 4. These allegations are sufficient to meet the written notification requirements set forth above in § 8.01-581.2(A).

Fairfax Hospital contends that the "defective system for delivery of health care services" alleged in paragraph 25 was not in the Notice of Claim. On page 4 of the Notice of Claim, plaintiffs set forth the following acts and omissions constituting negligence:

(1) the failure to diagnose that Jaime was suffering from chronic bilateral hematomas; (2) the failure to treat this condition; (3) the concomitant treatment of Jaime in a manner that was inconsistent with her condition; (4) the failure to correctly interpret the CT Scan taken of Jaime, and/or (5) the failure to have a physician present at the Hospital who could properly interpret the CT Scan.

The Court concludes that the allegations of negligence, particularly paragraphs 3, 4, and 5, satisfy the notification requirements of § 8.01-581.2(A).

The Court's letter opinion sustained the demurrer to plaintiff's claim for breach of an implied warranty under Count III. For this reason, the Court need not redecide Fairfax Hospital's Plea in Bar to paragraphs 41 and 42.

Fairfax Hospital has demurred to paragraph 23 of the Motion for Judgment, asserting that the facts alleged do not state a cause of action based on agency for which relief can be granted. For the purposes of testing the sufficiency of the motion for judgment against defendant's demurrer, the facts alleged are admitted as true. *Manassas Park Development Co. v. Offutt*, 203 Va. 382, 124 S.E.2d 30 (1962). Rule 1:4(d) of the Rules of the Supreme Court of Virginia provides:

Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense.

Paragraph 23 of the motion for judgment asserts:

At Fairfax Hospital on October 11 and 12, 1983, Jaime did receive medical service from several entities and individuals, including but not limited to Fairfax Hospital Association, Bortnick, Schaner, Lavenstein, Kaiser and CAP. In rendering such care, Bortnick, Schaner, and Lavenstein were the agents of Fairfax Hospital Association.

The Court concludes that these allegations are sufficient to inform Fairfax Hospital of plaintiff's claim based on the alleged negligence of its agents, Drs. Bortnick, Schaner and Lavenstein. *See, Moore v. Jefferson Hosp.*, 208 Va. 438, 158 S.E.2d 124 (1967).