438 N.W.2d 441 (1989)
C.A.U., Appellant,
v.
R.L., Respondent.
No. C2-88-2494.
Court of Appeals of Minnesota.
April 18, 1989.
Larry M. Schmidthuber, Lowe, Schmidthuber & Lindell, Minneapolis, for appellant.
Marlene S. Garvis, Jardine, Logan & O'Brien, St. Paul, for respondent.
Heard, considered and decided by CRIPPEN, P.J., and HUSPENI and SCHULTZ, JJ.[*]

*442 OPINION
CRIPPEN, Judge.
This appeal arises out of appellant's claim of negligent transmission of a disease, Acquired Immune Deficiency Syndrome (AIDS). Respondent can be charged with knowledge in May 1985 that he was ill and that the AIDS virus was a possible problem for people who have had homosexual activity. He contends, first, that there is no evidence he knew or should have known that he had AIDS in May 1985, and second, that no evidence shows at that time he should have known he could transmit AIDS by sexual contact with appellant.
The trial court granted summary judgment in favor of respondent, concluding that until October 1985, respondent had no actual or constructive knowledge that he had the AIDS virus, and that appellant failed to show respondent's duty to warn appellant of his condition. We affirm.

FACTS
Appellant (C.A.U.) and respondent (R.L.) met in May 1984. The following September, the parties became engaged to be married in May 1985. In March 1985, respondent went to the doctor because of headaches, spots on his legs, weakness and fatigue. In April 1985, his doctor ordered a kidney biopsy. The parties evidently ended their sexual relationship late in April 1985. As stated by respondent in his deposition, between May and September 1985 the parties' only physical contact was kissing, and after September 1985, they had no physical contact.
After an episode of abdominal pain in June, and a collapsed lung in July, respondent was again hospitalized for three weeks in October 1985 for pneumocystis pneumonia. Respondent recalled that in October, his doctors said he might have the AIDS antibody but they could not be positive. In a medical report at that time, his physicians concluded respondent tested positive for the AIDS antibody but "rule[d] out" the Acquired Immune Deficiency Syndrome.
In December 1985, respondent was again hospitalized, and herpes was detected in his bone marrow. In a December discharge diagnosis, respondent's doctor concluded it was probable that respondent had AIDS. In a memorandum to the trial court, appellant purported to quote a doctor's notation indicating that in February 1986 appellant admitted to having had one high risk homosexual contact.
Appellant stated in her deposition that she asked respondent in April 1985 if he had AIDS, to which he responded "no." Respondent said the first time he heard of the AIDS disease was in July 1985 when the media published the information that movie actor Rock Hudson had AIDS. Hudson's Illness Spurs Flurry of Calls About Aids, Minneapolis Star and Tribune, July 27, 1985 at 1B.
Respondent stated in his deposition that he discovered he had AIDS in January 1986, and subsequently informed appellant of his condition. Appellant has since tested positive for AIDS, indicating the initial or "carrier" stage of the disease.
Respondent died December 11, 1986. His father was appointed special administrator of his interests in this action.

ISSUE
Are there any genuine issues of material fact regarding respondent's knowledge that he could transmit AIDS through intimate sexual contact?

ANALYSIS
On appeal from summary judgment it is this court's function to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. Betlach v. Wayzata Condominium, 281 N.W.2d 328, 330 (Minn.1979). Upon review the evidence is considered in a light most favorable to the nonmoving party. Nord v. Herreid, 305 N.W.2d 337, 339 (Minn.1981).
As correctly stated by appellant, Minnesota courts have long recognized that persons may be liable for the negligent transmission of dangerous, communicable *443 diseases. Kowalske v. Armour & Co., 300 Minn. 301, 305, 220 N.W.2d 268, 271 (1974) (brucellosis), overruled in part, Ruberg v. Skelly Oil Co., 297 N.W.2d 746 (Minn.1980) (overruling dicta contrary to law on joint and several liability); Skillings v. Allen, 143 Minn. 323, 326, 173 N.W. 663, 664 (1919) (scarlet fever); R.A.P. v. B.J.P., 428 N.W.2d 103, 106-07 (Minn.Ct.App.1988) (genital herpes), pet. for rev. denied (Minn. Oct. 19, 1988).
Appellant claims there is a genuine issue of material fact as to whether respondent should have known he was a likely carrier of the AIDS virus during the time the parties were sexually involved.[1] Appellant argues that because of media coverage regarding AIDS, respondent should have known he was in a high risk group because of his alleged homosexual contacts. Respondent contends the trial court properly found as a matter of law that during the time the parties were in a sexual relationship he owed no legal duty to appellant.
Recently, the supreme court restated the following standard for determining whether a duty exists:
If the connection is too remote to impose liability as a matter of public policy, the courts then hold there is no duty, and consequently no liability. On the other hand, if the consequence is direct and is the type of occurrence that was or should have been reasonably foreseeable, the courts then hold as a matter of law a duty exists.
Balder v. Haley, 399 N.W.2d 77, 81 (Minn. 1987) (quoting Germann v. F.L. Smithe Machine Co., 395 N.W.2d 922, 924 (Minn. 1986)); see also Prosser and Keeton on the Law of Torts § 42, at 273-275 (W.P. Keeton 5th ed. 1984).
It is well established that an essential element in determining whether a legal duty exists is the actor's actual or imputed knowledge of the facts. Rue v. Wendland, 226 Minn. 449, 452-53, 33 N.W.2d 593, 595-96 (1948). The supreme court has found that "perception, memory, and experience" bear on whether a person is charged with knowledge. Id. at 453, 33 N.W.2d at 596.
In this case, respondent's knowledge only consisted of what he perceived at the time of their relationship, coupled with his memory and experience, concerning the transmission of AIDS. It is required only that respondent's perception be reasonable under the circumstances, and he is not expected to perceive what was not apparent. Id.
Whether a legal duty existed between respondent and appellant is generally an issue of law to be resolved by the court. Larson v. Larson, 373 N.W.2d 287, 289 (Minn.1985). Cases involving close questions of foreseeability are for the jury to determine, while those with clear issues of foreseeability should be resolved by the court as a matter of law. Patzwald v. Krey, 390 N.W.2d 920, 922 (Minn.Ct.App. 1986) (citing Larson v. Larson, 373 N.W.2d 287, 289 (Minn.1985); Lundgren v. Fultz, 354 N.W.2d 25, 28 (Minn.1984)), pet. for rev. denied (Minn. Oct. 22, 1986).
Appellant argues that it was reasonable for respondent to be on notice that he was at risk in transmitting AIDS to appellant because of the media coverage regarding AIDS. And thus, appellant asserts, given that respondent allegedly had previous homosexual contacts, he should have known that his sexual relationship with appellant would result in injury. Appellant specifically cites to articles regarding the transmission of AIDS that appeared in Newsweek in April 1983, and in the Minneapolis Star and Tribune from June 1983 to August 1985.
In Kozup v. Georgetown University, 663 F.Supp. 1048 (D.D.C.1987), a case based on allegations that the defendant should have known certain facts about AIDS, the court found:
It was not until 1984 that the medical community reached a consensus as to the proposition that AIDS was transmissible by blood. * * * In April 1984, scientists *444 identified the virus HTLV-III as the cause of AIDS. * * * By May, 1985, [a] * * * test was made available, which screens antibodies sensitive to HTLV-III.
Id. at 1052 (citations omitted); see also McKee v. Miles Laboratories, Inc., 675 F.Supp. 1060, 1063 (E.D.Ky.1987) aff'd, 866 F.2d 219 (6th Cir.1989).
Prior to May 1985, the content of the literature appearing in local newspapers was threefold: few persons in Minnesota had contracted AIDS, the disease was associated primarily with homosexuals and intravenous drug users, and there was a belief that AIDS was transmitted through blood or semen. A May 1985 news commentary contained within it a statement that "there is clear evidence that heterosexual intercourse transmits AIDS." Public Needs Better Information About AIDS Risk, Minneapolis Star and Tribune, May 24, 1985, at 15A. In August 1985, a prominent article stated that AIDS was spreading beyond homosexuals and could be transmitted heterosexually. Fears About AIDS Spread Outside High-Risk Groups, Minneapolis Star and Tribune, August 25, 1985, at 1A.
Although a test for the presence of AIDS antibodies became available in June 1984, according to the Minnesota Department of Health, this test was used for screening blood to protect blood bank supplies; it was not designed to diagnose AIDS. Not until the final week of July 1985 could persons who considered themselves at risk be tested anonymously for the AIDS virus.
Based on the affidavits submitted by respondent's physicians, and the information available to the general public through the time the parties ended their sexual contact, it was not reasonable for respondent to have constructive knowledge he might have AIDS, or that he was capable of transmitting the disease to appellant. The deficiency of appellant's case is further compounded by the absence of a proper demonstration of evidence that respondent had a history of homosexual activity. We conclude there are no genuine issues of material fact regarding respondent's actual or constructive knowledge of his affliction with AIDS or propensity to contract AIDS. We note also that appellant has not claimed or shown that respondent's illness in the spring of 1985, if not reasonably known to be AIDS, otherwise indicated a disease respondent should have known he might communicate to appellant.
Because the court properly concluded respondent owed no legal duty to appellant, it is unnecessary to discuss whether he acted with reasonable care in maintaining his sexual relationship with appellant from May 1984 through May 1985, or whether respondent ought to have revealed his past sexual history of homosexual contacts.

DECISION
The trial court properly determined that respondent was under no duty to warn appellant he had the AIDS disease because at the time of the parties' relationship it was not reasonably foreseeable that he had the disease or could cause appellant harm through intimate sexual contact.
Affirmed.
NOTES
[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.
[1] Appellant does not dispute, and the medical records support the fact that respondent acquired actual knowledge that he had AIDS or one of the initial stages of the virus sometime between October 1985 and January 1986.