**Georgiana McELWAIN, Appellant,**

v.

**Allen L. VAN BEEK, Minneapolis Children's Medical Center, Inc., Respondents.**

**No. C6–89–869.**

Court of Appeals of Minnesota.

Oct. 31, 1989.

Review Denied Dec. 20, 1989.

William Starr, William Starr & Associates, Minneapolis, for appellant.

Kay Nord Hunt, Ted E. Sullivan, Lommen, Nelson, Cole & Stageberg, Minneapolis, for Allen L. Van Beek.

Greer E. Lockhart, Bassford, Heckt, Lockhart, Truesdell & Briggs, Minneapolis, for Minneapolis Children's Medical Center, Inc.

Heard, considered and decided by KALITOWSKI, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Georgiana McElwain commenced this action seeking compensation for injuries suffered when she fainted during emergency treatment of her younger brother. Respondent Allen Van Beek brought a motion for summary judgment. The motion was granted and the case was dismissed "in its entirety" by order dated January 13, 1989. Shortly after an order for trial was filed, appellant's attorney requested a clarification as to the status of the action against respondent medical center. On February 29, 1989, the trial court issued an amended order stating that "no action remains against either defendant." This appeal followed.

## FACTS

On October 2, 1986, appellant's younger brother cut the bridge of his nose and was taken to Minneapolis Children's Medical Center emergency room by appellant and her mother. Both appellant and her mother were permitted to remain in the emergency room while he was being treated. Appellant was standing next to her brother and holding his hand when the physician, Dr. Allen Van Beek, administered a local anesthetic. Appellant subsequently fainted and fell to the floor. As a result of her fall she sustained a fractured skull and permanent loss of hearing in her right ear. No evidence was presented which linked appellant's sudden faint to anything in the emergency room. Appellant stated that she is not squeamish at the sight of blood nor has she ever fainted upon seeing blood.

## ISSUES

1. Did the trial court err in granting summary judgment because in a medical malpractice action a physician does not owe a duty of care to a non-patient?

2. Did the trial court err in failing to determine whether appellant had a cause of action against respondents based on a theory of general negligence?

3. Did the trial court err in granting summary judgment *sua sponte* to respondent Minneapolis Children's Medical Center, Inc.?

## ANALYSIS

On appeal from summary judgment, it is this court's function to determine whether there are any genuine issues of fact or whether the trial court erred as a matter of law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

1. Summary judgment on medical malpractice claim against respondent Van Beek.

Appellant brought this action based upon medical malpractice. Medical malpractice is "the failure of a physician and surgeon to exercise the care and professional skill usually exercised by the ordinary member of his profession in good

standing in the same or similar locality." *Manion v. Tweedy*, 257 Minn. 59, 66, 100 N.W.2d 124, 129 (1959). A physician is required to exercise this degree of care and skill until the doctor and patient relationship has ended. *Id.* at 66, 100 N.W.2d at 129. To establish a prima facie case of medical malpractice, a plaintiff must prove: (1) the standard of care applicable, (2) the physician departed from that standard, and (3) that such departure caused the patient's injuries. *Bauer v. Friedland*, 394 N.W.2d 549, 553 (Minn.Ct.App.1986) (citing *Plutshack v. University of Minnesota Hospitals*, 316 N.W.2d 1, 5 (Minn.1982)).

We find no Minnesota case that is controlling of the facts and issues presented by this appeal. However, other jurisdictions have addressed the issue of a physician's duty to a third party. The majority of the jurisdictions surveyed found no duty in the absence of a physician-patient relationship. *Keene v. Wiggins*, 69 Cal.App.3d 308, 138 Cal.Rptr. 3 (1977) (physician who rated injury for workers compensation claim not liable for failing to advise employee of a medical condition); *Peace v. Weisman*, 186 Ga.App. 697, 368 S.E.2d 319 (1988), *cert. denied* (May 13, 1988) (doctor consulted for his opinion as to employee's ability to work not liable for failure to diagnose lung cancer); *LoDico v. Caputi*, 129 A.D.2d 361, 517 N.Y.S.2d 640 (N.Y. App.Div.1987), *appeal denied*, 71 N.Y.2d 804, 528 N.Y.S.2d 829, 524 N.E.2d 149 (1988) (physician who examined employee solely to rate injury for workers compensation proceeding not liable for failing to diagnose latent brain tumor); *Weaver v. Union Carbide Corp.*, 378 S.E.2d 105 (W.Va.1989) (malpractice claim against therapist is barred where the plaintiff and the therapist did not have a physician-patient relationship).

A duty to a third party non-patient has been recognized only in a limited number of situations. One circumstance in which a duty has been recognized is where the physician's patient poses a danger of harm to an identifiable third person. The "duty to warn" cases have generally followed the decision in *Tarasoff v. Regents of University of California*, 17 Cal.3d 425, 551 P.2d 334, 131 Cal.Rptr. 14 (1976) where a psychiatric patient had confided to his therapist his intention to kill Ms. Tarasoff. The psychiatrist was found to have had a duty to warn of the danger and was liable for the breach of the duty. The Minnesota Supreme Court has similarly limited a physician's duty to warn to cases where the patient makes specific threats against identifiable third parties. *Cairl v. State*, 323 N.W.2d 20, 25–6 (Minn.1982).

Physicians have also been found to have a duty to control their patients where they present a danger to a third party. The Minnesota Supreme Court addressed this duty to control in *Lundgren v. Fultz*, 354 N.W.2d 25 (Minn.1984). Fultz was a psychiatric patient who had a fixation with guns as well as violent tendencies. Fultz had previously brandished his gun at people during public gatherings. Following a hospitalization, the police refused to return Fultz's guns unless the psychiatrist wrote a letter assuring them that Fultz was "cured." The police returned the guns upon receipt of the letter and eighteen months later Fultz shot and killed a woman in a random attack. The court found that the duty to control a patient only exists where the physician has the ability to control and the harm is foreseeable. *Id.* at 27.

■ We find that the facts of this case do not meet the requirements of either a "duty to warn" or a "duty to control." Dr. Van Beek had no duty to warn appellant of any danger because such a duty is limited to cases in which the threat of danger originates from the patient. On these facts, the patient posed no threat at all. Similarly, Dr. Van Beek can have no liability for failure to control his patient because the patient was not the cause of the injury claimed by appellant. Thus, we find that appellant's reliance on the decision in *Lundgren* is misplaced. The facts of *Lundgren* are so unique that extrapolation of a physician's duty to a third party is unwarranted.

Appellant argues that Minnesota has recognized a duty owed by a physician to a third party non-patient in *Skillings v. Al-*

*len,* 143 Minn. 323, 173 N.W. 663 (1919). In *Skillings* the supreme court held that a physician was liable for informing the parents of his patient that it was safe to visit and take her home even though the patient was suffering from scarlet fever. Relying on this information, the parents took their daughter home and contracted scarlet fever. The court's decision in *Skillings* was narrow in scope and based upon the contractual relationship between the physician and the parents who employed him to care for their daughter as well as the special treatment historically given to cases involving infectious diseases.

◼ Under the facts of this case there was no relationship between appellant and Dr. Van Beek. Appellant was not a patient of Dr. Van Beek so as to impose liability under a theory of medical malpractice. There was no contractual relationship between appellant and Dr. Van Beek as to the emergency treatment of her brother. Therefore, appellant may not rely upon the decision in *Skillings* to impose liability. The trial court was correct in holding as a matter of law that Dr. Van Beek owed no duty to appellant and therefore dismissal of the claim by summary judgment was proper. Our decision is in accord with the only other decision involving substantially similar facts and circumstances. *See Sacks v. Thomas Jefferson University Hospital,* 684 F.Supp. 858 (E.D.Pa.1988), *aff'd,* 862 F.2d 310 (3rd. Cir.1988) (mother may not recover for injuries received after fainting in emergency room in absence of physician-patient relationship).

2. Summary judgment on negligence claim against respondent Van Beek.

◼ Appellant's argument that a physician has an affirmative duty under general negligence principles to a third person who is not a patient is raised for the first time on appeal and is not properly before this court. Appellant alleged a medical malpractice claim in the complaint and argued a malpractice claim in opposition to respondent's motion for summary judgment. This court need not consider issues which were not presented to the trial court. *Ben-*

*edict v. Benedict,* 361 N.W.2d 429, 431–32 (Minn.Ct.App.1985).

3. Summary judgment as to respondent Minneapolis Children's Medical Center, Inc.

◼ Appellant contends that the hospital is vicariously liable for the negligence of Dr. Van Beek, or in the alternative, the hospital remains negligent for failure to exercise reasonable care in protecting the safety of its visitors. In Minnesota, a hospital can only be held vicariously liable for a physician's acts if the physician is an employee of the hospital. *See Moeller v. Hauser,* 237 Minn. 368, 378–79, 54 N.W.2d 639, 645–46 (1952). The evidence here shows that respondent Dr. Van Beek was an independent contractor who has staff privileges at many Twin City hospitals and is not an employee of Minneapolis Children's Medical Center. Thus, the respondent medical center is relieved of liability.

◼ The issue of the medical center's independent liability for failure to maintain safe premises was not alleged in appellant's claim. Nor could such a cause of action be reasonably implied from the complaint. "A reviewing court must generally consider 'only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.'" *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (quoting *Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982)). Thus, the issue of whether the medical center breached its duty to maintain safe premises is not properly before this court.

◼ Appellant claims her procedural rights were violated by the trial court's dismissal of her action against the medical center, absent the medical center's motion for summary judgment. It is clear under Minnesota law that a trial court may grant summary judgment *sua sponte* where there remains no genuine issue of material fact. *See Federal Land Bank of St. Paul v. Obermoller,* 429 N.W.2d 251, 255 (Minn. Ct.App.1988) *pet. for rev. denied,* (Minn. Oct. 26, 1988) (citing *Del Hayes & Sons, Inc. v. Mitchell,* 304 Minn. 275, 280, 230 N.W.2d 588, 591–92 (1975)). The court in *Obermoller* pointed out that:

Unless an objecting party can show prejudice from lack of notice or other procedural irregularities, or was not afforded a meaningful opportunity to oppose summary judgment, the court's judicious exercise of its inherent power to grant summary judgment in appropriate cases should not be disturbed.

*Id.* at 255.

Here, appellant does not show that she was prejudiced by the court's actions. Appellant's case was premised on showing the physician had committed medical malpractice. Nowhere in appellant's complaint does she allege independent liability on the part of the medical center. Thus, it follows that if the physician is not liable as a matter of law the medical center cannot be found liable. Under these facts, it cannot be concluded that summary judgment was inappropriate or improperly prejudiced appellant's rights.

## DECISION

The trial court did not err in granting summary judgment as to both Dr. Van Beek and Minneapolis Children's Medical Center because under these facts a non-patient cannot assert a claim of medical malpractice as a matter of law.

Affirmed.