# CIRCUIT COURT OF THE CITY OF NORFOLK

Jacqueline L. Jacobs

v.

Alan C. Harris
and Pathology Sciences
Medical Group

October 14, 2014

Case No. CL13-7986

By Judge Jerrauld C. Jones

I write in order to communicate the Court's ruling upon Defendant's Special Plea in Bar. The Court heard evidence and legal argument upon the pleadings at a hearing held on October 1, 2014. Subsequently, Defendant has submitted a transcript of the proceedings, and Plaintiff has submitted a "Supplemental Brief in Opposition to Defendant's Plea in Bar." The essential question presented is whether a physician-patient relationship exists between Plaintiff and the Defendant, Dr. Green, such that Plaintiff can establish a *prima facie* case for medical malpractice against Dr. Green.

The general test for determining whether a physician-patient relationship exists is whether a physician provided health care to the patient. Virginia Code § 8.01-581.1 defines "patient" as "any natural person who receives or should have received health care from a licensed health care provider." The Virginia Code defines "health care" as "any act . . . or treatment performed or furnished . . . by any health care provider for, to, or on behalf of a patient during the patient's medical diagnosis, care, treatment, or confinement." *Id.*

A physician-patient relationship between the provider and the patient is necessary for a medical provider to owe that patient a duty of care. *Lyons v. Grether*, 218 Va. 630, 633 (1977) (citing *McNamara v. Emmons*, 36 Cal. App. 2d 199, 204-05, 97 P.2d 503, 507 (1939)). This "relationship springs from a consensual transaction, a contract, express or implied, general or special." *Id.* "Whether a physician-patient relationship is created is a *question of fact*, turning upon a determination whether the patient entrusted his treatment to the physician and the physician accepted the case." *Id.*

at 633 (emphasis added), citing *Peterson v. Phelps*, 123 Minn. 319, 322 (1913) (If the defendant undertook to diagnose, treat, or prescribe for the ailment, his responsibility for failure to possess and use the skill and care of the ordinary physician is not dependent upon an express agreement of employment.).

A doctor "who assumes to act, even if gratuitously, may thereby become subject to the duty to act carefully, if he acts at all," even if that doctor owed no duty to the patient "prior to this undertaking." *Didato v. Strehler*, 262 Va. 617, 627-28 (2001). For this duty to arise, a physician must "personally engage in some affirmative act amounting to a rendering of services to another." *Fruiterman v. Granata*, 276 Va. 629, 646 (2008). This "relationship can exist despite the absence of any face-to-face contact between the doctor and his patient." *Monahan v. Obici Med. Mgmt. Servs.*, 59 Va. Cir. 307 (2002). In *Monahan*, the Circuit Court for the City of Suffolk used pathology as an example of when a physician-patient relationship can exist despite the absence of any face-to-face contact. 59 Va. Cir. 307.

After consideration of relevant Virginia authorities involving the existence of a physician-patient relationship, the Court holds that a reasonable jury could find that physician-patient relationship existed between Dr. Green and Plaintiff. By reviewing Plaintiff's pathology slides and rendering his diagnostic opinion to Dr. Harris, Dr. Green commenced an undertaking for Plaintiff, provided health care to Plaintiff under Va. Code § 8.01-581.1, and, therefore, could reasonably be found to have created a physician-patient relationship which gives rise to a duty of care.

Accordingly, Defendant Green's Special Plea in Bar is hereby overruled. The Court hereby notes Defendant Green's objection and exception to the Court's ruling.